# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2013

No. 12-20461

Lyle W. Cayce
Clerk

TEXAS RENEGADE CONSTRUCTION COMPANY, INC.,

Plaintiff–Appellant,

versus

HARTFORD LLOYD'S INSURANCE COMPANY.

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CV-1730

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Texas Renegade Construction Company, Inc. ("Texas Renegade"), sued its

insurer, Hartford Lloyd's Insurance Company ("Hartford Lloyd's"), on a business

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-20461

insurance policy to recover for foundation and structural damage caused by a water leak under the building. Each side moved for summary judgment. The district court ruled for Hartford Lloyd's, concluding that certain exclusions applied to preclude coverage.

Specifically, the district court reasoned that the earth-movement exclusion and the water exclusion apply, making it unnecessary to address whether other claimed exclusions prevent coverage. The court explained its conclusion in a succinct but comprehensive order filed June 18, 2012 (but accidentally dated June 18, 2011). Importantly, but not exclusively, the court relied on a provision stating that the subject "loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." The court thus rejected Texas Renegade's theory that the applicable exclusions apply only to damage caused by natural events and not by man-made or artificial occurrences.

We have reviewed the expertly-written briefs on appeal and have consulted pertinent portions of the record and Texas insurance law. Counsel for both sides gave oral argument that was well presented and helpful. We agree with the district court that the policy provisions are unambiguous and that the claimed exclusions apply to prevent coverage or recovery. The summary judgment is AFFIRMED, essentially for the reasons given by the district court.